**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Jamel Williams, #348445<br><br>Plaintiff,<br><br>v.<br><br>Warden Brian Kendall;<br>Officer Bryant; Officer Bowman;<br>Sgt. Palmer; Connie Buehner; and<br>Officer F. Buchman,<br><br>Defendants. | ) | Case No. 2:25-cv-13940-RMG-MGB<br><br>**REPORT AND RECOMMENDATION** |

Jamel Williams ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, brings this civil action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review this case and submit findings and recommendations to the assigned United States District Judge. For the reasons discussed below, the undersigned recommends that this action be summarily dismissed without further leave to amend, and that Plaintiff's pending motions for emergency injunctive relief be denied.

## BACKGROUND

Plaintiff is currently serving a life sentence at Lieber Correctional Institution ("Lieber" or "LCI") for possession of a weapon during the commission of a violent crime (Indictment No. 2018-GS-03-00043), attempted murder (Indictment No. 2018-GS-03-00044), and murder (Indictment No. 2018-GS-03-00045).[1] On December 19, 2025, Plaintiff filed the instant action alleging that

[1] The undersigned takes judicial notice of the records filed in Plaintiff's state criminal proceedings before the Allendale Court of General Sessions. *See* https://www.sccourts.org/case-records-search/ (limiting search to Allendale County, Jamel Williams) (last visited July 21, 2026); *see also Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Aloe Creme Labs.,*

certain officials at Lieber had interfered with his access to the courts by "blocking, rejecting, delaying, and returning Plaintiff's legal and regular outgoing mail." (Dkt. No. 1 at 2, 5–6.) Before the Court had an opportunity to review these initial allegations, Plaintiff filed an Amended Complaint (Dkt. No. 5) and Second Amended Complaint (Dkt. No. 20) elaborating that he had been denied "meaningful access to the courts" in violation of his First and Fourteenth Amendment rights based on the "repeated rejection of legal mail, denial of law library access during pending proceedings, and revocation of phone privileges affecting legal communication." (Dkt. No. 20 at 2, 4–5.)

Upon reviewing these pleadings, the undersigned issued an order notifying Plaintiff that his allegations failed to state a claim upon which relief may be granted because he did not adequately demonstrate the defendants' requisite personal involvement in the purported deprivation of his constitutional rights or an "actual injury" resulting from the same. (Dkt. No. 22 at 3–4.) In light of Plaintiff's *pro se* status, the undersigned afforded him twenty-one days, plus three days for mail time, to cure the identified pleading deficiencies and file a third amended complaint. (*Id.* at 4.) The order expressly stated that if Plaintiff filed a third amended complaint, "it would completely replace the previous complaints" and render them "of no legal effect." (*See id.* at 4, referencing *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001).) The order further warned Plaintiff that if he did not file a third amended complaint or cure the identified pleading deficiencies within the time permitted, the undersigned would recommend that his claims be dismissed. (*Id.*)

---

*Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (explaining that a federal court may take judicial notice of the contents of its own records, as well as those records of other courts); *Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd,* 347 F. App'x 965 (4th Cir. Aug. 27, 2009) (noting that the court may also take judicial notice of factual information located in postings on government web sites).

In compliance with the undersigned's instructions, Plaintiff filed a Third Amended Complaint, which now governs the scope of this action and the following initial review. (Dkt. No. 25.) The Third Amended Complaint names Brian Kendall ("Warden of Lieber Correctional Institution"); Officers Bryant and Bowman ("mailroom staff responsible for processing legal mail"); Sergeant Palmer ("responsible for law library access and scheduling"); Connie Buehner ("the grievance coordinator responsible for reviewing institutional grievances"); and F. Buchman ("disciplinary hearing officer") (collectively, "Defendants"), and once again raises First and Fourteenth Amendment violations for "Denial of Access to Courts" and "Interference with Legal Communication." (*Id.* at 2, 4.) The pleading challenges Defendants' purported interference with Plaintiff's "legal mail, law library access, and attorney communication while [he] was pursuing active litigation"—specifically, "federal civil rights litigation and state post-conviction proceedings" in 2025 and 2026. (*Id.* at 1–2.) The Third Amended Complaint states that "[w]hile these matters were pending," Plaintiff's "outgoing legal mail was returned by mailroom staff," he was "denied meaningful access to the law library due to scheduling restrictions," and his "telephone privileges were revoked following a disciplinary proceeding."[2] (*Id.* at 3.) Plaintiff contends that these actions "restricted [his] ability to communicate with counsel and prepare legal filings necessary to prosecute pending legal claims." (*Id.*) He seeks "compensatory damages" and "declaratory relief." (*Id.* at 4–5.)

In addition to the Third Amended Complaint, Plaintiff also filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. No. 6) and Motion for Preliminary

[2] In support of these claims, Plaintiff attached twenty-one pages of supplemental documents, including South Carolina Department of Corrections Inmate Grievance Forms, Lieber Law Library Inmate Application for Law Library Deadline, and the returned envelopes from Plaintiff's rejected outgoing legal mail. (Dkt. No. 25-2.) It appears Plaintiff's outgoing legal mail violated South Carolina Department of Corrections Policy 5.2.3, which states" "Any mail received in the mailroom (incoming/outgoing) with excessive unnecessary markings and/or symbols on the envelope/package will be stamped 'Return to Sender,' and returned." *See* Inmate Correspondence Privileges, https://doc.sc.gov/sites/doc/files/Documents/policy/PS-10-08.pdf (last visited July 24, 2026).

Injunction (Dkt. No. 24). With respect to the former, the motion states that Plaintiff "has an active case before the United States Court of Appeals and received an order providing a 90-day deadline to prepare a petition for a writ of certiorari to the Supreme Court of the United States." (Dkt. No. 6 at 2.) According to Plaintiff, he was unable to comply with this deadline because he was "denied law library access and provided only restricted tablet access that did not permit meaningful legal research." (*Id.*) Notably, Plaintiff does not request any specific relief; he simply "submits this notice to inform the Court of ongoing violations occurring after the filing of the Complaint." (*Id.*)

With respect to the latter motion, Plaintiff states that he "is currently under a communication blackout and has been physically prevented from contacting his state-appointed counsel." (Dkt. No. 24 at 1.) As a result, Plaintiff's attorney "was forced to file a *Johnson* Petition without consultation or communication with Plaintiff, causing actual injury to Plaintiff's legal proceedings." (*Id.*) He asks that "this Court issue a Preliminary Injunction ordering Defendants to provide reasonable legal phone access to counsel." (*Id.* at 2.)

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Third Amended Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). The Third Amended Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity.

To protect against possible abuses, the court must dismiss any prisoner complaints, or portions of complaints, that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also id.* § 1915A(b). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* "at any time" under § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989). The United States Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id.* at 326.

As to failure to state a claim, a complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as required under Rule 8(a)(2) of the Federal Rules of Civil Procedure. To satisfy this standard, a plaintiff must do more than make conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the court need not accept as true a complaint's legal conclusions). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. When "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially

meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim under Rule 8(a)(2). *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8, Fed. R. Civ. P., for "all civil actions"). The Fourth Circuit has explained that "though *pro se* litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

## **DISCUSSION**

A civil action under 42 U.S.C. § 1983 "creates a private right of action to vindicate violations of rights, privileges, or immunities secured by the Constitution and laws of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim to relief under § 1983, the plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiff alleges constitutional violations based on "Denial of Access to Courts" and "Interference with Legal Communication." (Dkt. No. 25 at 4.) Despite amending his allegations multiple times, however, Plaintiff has failed to state an actionable constitutional violation under § 1983 for several reasons.

As the undersigned previously explained (Dkt. No. 22 at 3), a person acting under color of state law can be held liable under § 1983 only if he or she was personally involved in the deprivation of the plaintiff's constitutional rights.[3] *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir.

---

[3] To that end, vicarious liability and *respondeat superior* generally are not applicable in § 1983 actions. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (noting that "Section 1983 will not support a claim based on a

2017); *see also Hill v. Bodiford*, No. 4:20-cv-2254-BHH-TER, 2020 WL 5079073, at *3 (D.S.C. Aug. 7, 2020), *adopted*, 2020 WL 5077656 (D.S.C. Aug. 27, 2020) (explaining that a § 1983 plaintiff must show that he suffered an injury resulting from a defendant's specific conduct and "an affirmative link" between the injury and that conduct). While Plaintiff briefly describes Defendants' respective occupations under the "Parties" section of the Third Amended Complaint (Dkt. No. 25 at 2), he does not mention any Defendants by name in the "Factual Allegations" or "Claims for Relief" sections. (*See id.* at 2–4.) Rather, he refers to Defendants collectively, lumping them together in "broad-brush allegations" without alleging how each official personally deprived Plaintiff of a constitutional right through his or her own individual actions. *Allen v. City of Graham*, No. 1:20-cv-997, 2021 WL 2037983, at *2, 5 (M.D.N.C. May 21, 2021). Thus, the undersigned finds that Plaintiff has failed to adequately allege the requisite personal involvement under § 1983, and his claims are therefore subject to summary dismissal. *See Spivey v. Breckon*, No. 7:20-cv-400-MFU-JCH, 2022 WL 2317448, at *3 (W.D. Va. June 28, 2022) (finding insufficient factual allegations of personal involvement where pleading was "replete with allegations that fail[ed] to identify who committed the alleged wrongdoing"); *see also Hamilton v. United States*, No. 2:20-cv-1666-RMG-MHC, 2020 WL 7001153, at *4 (D.S.C. Aug. 26, 2020), *adopted*, 2020 WL 5939235 (D.S.C. Oct. 7, 2020) (finding claims frivolous where, other than naming defendants in the caption of her complaint, plaintiff failed to include sufficiently clear allegations of any personal conduct or wrongdoing in connection with the alleged federal violations).

Even if the Court could surmise from the job descriptions which Defendants were likely responsible for each of the alleged constitutional violations, Plaintiff has still failed to demonstrate

---

*respondeat superior* theory of liability"); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

an actionable injury resulting from Defendants' actions. It is well-established that inmates have a fundamental constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350–51 (1996); *see also DeMarco v. Davis*, 914 F.3d 383, 387 (5th Cir. 2019) (noting that state prisoners "have a constitutionally protected right of access to the courts that is rooted in the Petititon Clause of the First Amendment and the Due Process Clause of the Fourteenth Amendment"). This right, however, "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). A plaintiff must therefore plead facts sufficient to demonstrate that the defendant actually "hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim." *Lewis*, 518 U.S. at 351. The "underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher*, 536 U.S. at 415; *see also Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (explaining that a claim for denial of access to the courts must be pled with specificity).

The Third Amended Complaint vaguely references "active legal proceedings including federal civil rights litigation and state post-conviction proceedings" from 2025 and 2026. (Dkt. No. 25 at 2.) Plaintiff does not, however, identify the specific underlying civil actions or legal claims to which he refers, nor does he describe with any particularity how Defendants' purported actions prejudiced the same. As the undersigned previously warned (Dkt. No. 22 at 3), such cursory allegations are insufficient to demonstrate an actionable injury to an underlying legal claim for purposes of the First and Fourteenth Amendments. *See, e.g.*, *Cochran*, 73 F.3d at 1317 (explaining that a prisoner "cannot rely on conclusory allegations" in alleging that prison officials infringed his right of access to the courts); *Miller v. Kruse*, No. 1:13-cv-1083 TSE-TRJ, 2014 WL 296398, at *2 (E.D. Va. Jan. 24, 2014) ("To make out a *prima facie* case of denial of access to the courts,

the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct.").

Notwithstanding the above, the undersigned notes that Plaintiff's emergency motions for injunctive relief (Dkt. Nos. 6, 24) offer some clues as to the possible "legal proceedings" referenced in the Third Amended Complaint. While it is not this Court's responsibility to serve as a "mind reader" or "construct full-blown claims" on Plaintiff's behalf, *Beaudett*, 775 F.2d at 1277–78; *see also Campbell v. StoneMor Partners, LP*, No. 3:17-cv-407, 2018 WL 3451390, at *2, 4 (E.D. Va. July 17, 2018), *aff'd*, 752 F. App'x 166 (4th Cir. 2019) (explaining that courts need not "scour through [a *pro se* plaintiff's] attachments in an attempt to cobble together the facts that could support" the proposed claims or "discern the unexpressed intent of the plaintiff"), the undersigned finds it worthwhile to briefly address the potential proceedings here, as they plainly belie Plaintiff's access to the courts claims.

With respect to the Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. No. 6), Plaintiff notes that he "has an active case before the United States Court of Appeals and received an order providing a 90-day deadline to prepare a petition for a writ of certiorari to the Supreme Court of the United States." (*Id.* at 2.) Assuming Plaintiff is referring to the Fourth Circuit Court of Appeals, appellate records indicate that Plaintiff had only one appeal pending at the time he filed this motion: Appellate Case No. 2025-001289. In this appeal, Plaintiff challenged the dismissal of Case No. 2:25-cv-1072-RMG (D.S.C. May 23, 2025), where he alleged that he "didn't receive an immunity hearing" and was denied a "Stand Your Ground review" during his state criminal proceedings, resulting in "the intruder or attacker to be classif[ied] as a victim" and "the plaintiff to receive[] life plus 35 years sentence." *See* Case No. -1072 (Dkt. No. 1 at 9–10). The assigned United States Magistrate Judge issued a report and recommendation finding that

Plaintiff was effectively attempting to challenge his convictions under 42 U.S.C. § 1983, which was prohibited pursuant to *Heck v. Humphrey*, 512 U.S. 447 (1994). *See Williams v. Evans*, No. 2:25-cv-1072-RMG-MGB, 2025 WL 1625641, at *5–6 (D.S.C. Apr. 28, 2025), *adopted*, 2025 WL 1463315 (D.S.C. May 22, 2025), *aff'd sub nom. Williams v. Mullen*, No. 25-6545, 2025 WL 3772078 (4th Cir. Dec. 31, 2025). The Magistrate Judge further noted that it would be futile to construe Plaintiff's allegations as habeas claims, as his post-conviction relief proceedings were still pending, such that any federal habeas relief would be premature. *See id.* at *6–7. Plaintiff then filed timely objections and a series of motions for emergency relief. *See* Case No. -1072 (Dkt. Nos. 32–47). On May 22, 2025, the United States District Judge adopted the recommendation and dismissed Plaintiff's claims. *See* Case No. -1072 (Dkt. No. 48).

In affirming this decision, the Fourth Circuit noted that despite being advised to file "specific objections," Plaintiff's objections were "not specific to the particularized legal recommendations made by the magistrate judge, so appellate review [was] foreclosed." *Williams*, 2025 WL 3772078, at *1. As Plaintiff suggests in his motion, he was then given specific instructions to file a petition for a writ of certiorari with the United States Supreme Court, but he missed the deadline because he was "denied law library access and provided only restricted tablet access." (Dkt. No. 6 at 1–2.) Even if that is true, an access to the courts claim requires an underlying claim that is "nonfrivolous" or "arguable." *Christopher*, 536 U.S. at 415 (internal citations omitted); *see also Sanchez v. Stephens*, 689 F. App'x 797, 799 (5th Cir. 2017) ("The underlying claim must be described well enough to apply the frivolity test and to show that its 'arguable nature . . . is more than hope.'" (quoting *Christopher*, 536 U.S. at 416)). Plaintiff has offered nothing to suggest that his constitutional claims were not barred by *Heck* or were otherwise "meritorious." *Young-Bey v. Whitacre*, No. 1:10-cv-3161-JFM, 2013 WL 2044891, at *6 (D. Md.

May 13, 2013), *aff'd*, 544 F. App'x 180 (4th Cir. 2013). Consequently, he cannot demonstrate that the lack of access to a law library prevented him from litigating an actionable claim.

With respect to the Motion for Preliminary Injunction (Dkt. No. 24), Plaintiff states that "due to institutional phone restrictions, [he] was unable to communicate with his state-appointed counsel regarding his appeal," such that "counsel filed a *Johnson* Petition . . . and has moved to be relieved as counsel." (Dkt. No. 24-3 at 1.) Having reviewed the South Carolina Appellate Case Management System, Plaintiff appears to be referring to Appellate Case No. 2025-001289, which is an active appeal of the Allendale County Court of Common Pleas' denial of Plaintiff's post-conviction relief application (Case No. 2022-CP-03-00057).[4]

As an initial matter, the undersigned reiterates (Dkt. No. 22 at 3) that inmates "do not have a right to any particular means of access" to the courts, *Aswegan v. Henry*, 981 F.2d 313, 314 (8th Cir. 1992), and there is no indication that Plaintiff was otherwise unable to communicate with his counsel via writing or in-person visits. Nevertheless, even if Plaintiff's communications were completely suspended, his attorney filed a petition pursuant to *Johnson v. State*, 294 S.C. 310 (1988), after "review[ing] the record on [Plaintiff's] post-conviction relief hearings" and determining, "in her opinion, [that] the appeal [was] without legal merit sufficient to warrant a new trial." *See* App. Case No. -1289 ("Petition to Be Relieved as Counsel"). To that end, Plaintiff has once again failed to demonstrate that the purported interference with his right of access to the courts frustrated the litigation of a non-frivolous or arguable claim.

Moreover, Plaintiff was able to file a thirty-page petition for writ of certiorari and a response to his counsel's *Johnson* petition, followed by a supplemental filing to the writ of certiorari ("Notice of Clarification of Legal Issue, Questions Presented, and Statement of the

[4] *See* https://www.sccourts.org/c-track-public-access/ (limiting "Participant Search" to Jamel Williams) (last visited July 22, 2026).

Case") and a "Supplemental *Jonson* response." *See* App. Case No. -1289. Thus, there is no indication that Plaintiff has been hindered in his ability to litigate his appellate claims.

Finally, the undersigned notes that after filing the Third Amended Complaint, Plaintiff filed a "Notice of Supplemental Facts and Interference with Access to Court," stating that he was denied access to the law library during an "active legal-deadline period" in *William v. Baker*, Case No. 1:26-cv-94-RMG (D.S.C. Nay 28, 2026). (Dkt. No. 26 at 1.) In that case, Plaintiff once again argued that he was entitled to a pretrial immunity or "Stand-Your-Ground" determination. *See* Case No. -94 (Dkt. No. 1 at 1). Despite amending his allegations twice, the Court found that Plaintiff's claims were still subject to dismissal pursuant to *Heck v. Humphrey*, among other reasons. *See* Case No. -94 (Dkt. No. 30 at 5–7, explaining that "money damages based on violations of [a plaintiff's] constitutional rights due to alleged improper procedures during the plaintiff's state court criminal proceedings, are subject to dismissal" under *Heck*). The undersigned therefore finds that Plaintiff has again failed to demonstrate an injury to a non-frivolous or arguable claim.

It is for these same reasons that the undersigned also recommends denying Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. No. 6) and Motion for Preliminary Injunction (Dkt. No. 24). Immediate injunctive relief is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Am. Fed'n of Tchrs. v. Bessent*, No. 25-1282, 2025 WL 2313244, at *3 (4th Cir. Aug. 12, 2025) ("Far from a mainstay in the ordinary course of litigation, a preliminary injunction is extraordinary and drastic and should not be granted unless the movant, by a clear showing, carries the burden of persuasion." (internal quotation marks and citations omitted)). Rather, a temporary restraining order should issue only when the movant has established all four of the following

elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20; *see also Henderson for Nat'l Lab. Rels. Bd. v. Bluefield Hosp. Co., LLC*, 902 F.3d 432, 439 (4th Cir. 2018) (noting that "*Winter* made clear that each of these four factors must be satisfied to obtain preliminary injunctive relief"); *Virginia v. Kelly*, 29 F.3d 145, 147 (4th Cir. 1994) (showing that the standard for a temporary restraining order is the same as that applied to motions for preliminary injunction). Because Plaintiff is not likely to succeed on the merits of his claims, the first element is dispositive in this case, *see Am. Fed'n of Tchrs.*, 2025 WL 2313244, at *3 ("[S]ome requests for preliminary injunctions can be quickly resolved on just the first *Winter* factor alone."), and the Court is constrained to deny Plaintiff's emergency petitions.

## CONCLUSION

For the reasons discussed above, the undersigned **RECOMMENDS** that the Court summarily **DISMISS** this action without further leave to amend, as Plaintiff has already had an opportunity to do so. *See Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022); *see also Workman v. Morrison Healthcare*, 724 F. App'x. 280, 281 (4th Cir. June 4, 2018). The undersigned further **RECOMMENDS** that Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. No. 6) and Motion for Preliminary Injunction (Dkt. No. 24) be **DENIED**. In light of these recommendations, the Court shall not authorize service of process at this time.

**IT IS SO RECOMMENDED.**

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

July 24, 2026
Charleston, South Carolina

**The parties' attention is directed to an important notice on the following page.**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).