**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Jamel Williams, #348445,<br><br>Plaintiff,<br>v.<br><br>Warden Brian Kendall, et al.,<br><br>Defendants. | Case No. 2:25-13940-RMG<br><br>**AMENDED ORDER** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that this Court summarily dismiss this action without further leave to amend and deny Plaintiff's motions for injunctive relief. (Dkt. No. 27). Plaintiff filed objections to the R&R. (Dkt. No. 46).[1] For the reasons stated below, the Court adopts the R&R as the order of the Court, dismisses Plaintiff's complaint, and denies Plaintiff's motions for injunctive relief.

**1. Background**

Plaintiff, a state prisoner acting pro se, claims he is being denied access to the courts by the prison mail room allegedly delaying and returning his regular and legal mail. He also claims he is denied access to the prison law library. Upon review of Plaintiff's pleadings, Plaintiff was

[1] Previously, the Court had adopted the R&R as the order of the Court but, upon receiving Plaintiff's late-filed objections, vacated said order. *See* (Dkt. Nos. 29, 32). Plaintiff appealed the Court's by-then vacated adoption of the R&R, but subsequently dismissed his appeal and filed objections to the R&R, which the Court considers timely. *See* (Dkt. Nos. 38, 45, 47).

advised by the Magistrate Judge that the pleadings needed to demonstrate the defendants' personal involvement in the alleged deprivation of his rights and any actual injury arising from the same. (Dkt. No. 22 at 2-4). After submission of a second and third round of amended complaints, the Magistrate Judge issued the R&R recommending the summary dismissal of the complaint because Plaintiff has failed to allege sufficient facts to state a claim under 43 U.S.C. § 1983 against any of the named defendants. (Dkt. No. 27 at 7). The Magistrate Judge further found that Plaintiff had failed to allege sufficient facts to establish that he has been in any way hindered in pursuing any nonfrivolous claim. (*Id.* at 8). The Magistrate Judge additionally recommended the denial of Plaintiff's motions for injunctive relief, finding that Plaintiff cannot meet the demanding standards for emergency injunctive relief. (*Id.* at 8-9).

Plaintiff filed objections to the R&R. (Dkt. No. 46).

**2. Legal Standard**

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a de novo determination of those portions of the R&R to which Petitioner

specifically objects. Fed. R. Civ. P. 72(b)(2). Where Petitioner fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins.* Co., 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015); *see also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

**3. Discussion**

After a de novo review of the record and the R&R, the Court finds that the Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that the complaint should be dismissed without further leave to amend and that Plaintiff's remaining motions for injunctive relief be denied. While Plaintiff filed voluminous objections, (Dkt. No. 46 at 1-20), most elide addressing the fundamental flaws with Plaintiff's Third Amended Complaint. The Court therefore addresses only those objections which go to the crux of the R&R's reasoning and overrules the remaining as irrelevant to the fundamental issues addressed below.

As noted in the R&R, and though Plaintiff was explicitly warned before filing his Third Amended Complaint, (Dkt. No. 22 at 4-7), the Third Amended Complaint does not allege with any detail whatsoever how each defendant personally harmed Plaintiff. (Dkt. No. 27 at 7) (noting Plaintiff refers to Defendants "collectively, lumping them together . . . without alleging how each official personally deprived Plaintiff of a constitutional right"); Third Amended Complaint, (Dkt. No. 25 at 2-3) (stating, for example, that Plaintiff "was denied meaningful access to the law library due to scheduling restrictions" and his "telephone privileges w[ere] revoked following a

disciplinary proceeding"). The R&R correctly concluded that this failure mandated dismissal of Plaintiff's complaint. *See, e.g.*, *Boyd v. Spartanburg Cnty.*, No. 723CV02182BHHJDA, 2023 WL 4687856, at *3 (D.S.C. May 25, 2023), *report and recommendation adopted*, No. 7:23-CV-2182-BHH, 2023 WL 4686460 (D.S.C. July 20, 2023) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Gibson v. Foster*, No. 5:17-cv-01333-JMC-KDW, 2017 WL 7355301, at *2 (D.S.C. Aug. 7, 2017) (finding summary dismissal proper where "the Complaint contains no allegations of wrongdoing by th[e] Defendant"), *Report and Recommendation adopted by* 2018 WL 690060 (D.S.C. Feb. 1, 2018).

Plaintiff's objections on this critical, dispositive point are unconvincing. (Dkt. No. 46 at 14-17). Plaintiff does not dispute the need to allege personal involvement and acknowledges he cannot rely on respondeat superior. (*Id.*). Plaintiff, however, simply states that he should be given a further chance to amend. (*Id.* at 15). But Plaintiff has been informed previously of this exact deficiency and was given a chance to correct the issue. (Dkt. No. 22 at 3-4). Plaintiff then filed the Third Amended Complaint, which disregarded the Court's warnings. (Dkt. No. 25). Tellingly, Plaintiff's objections are silent as to the types of allegations of personal involvement Plaintiff could or would allege if granted the chance to file a Fourth Amended Complaint. Accordingly, the Court overrules Plaintiff's objection.

The R&R further noted that even if the Court "could surmise from the job descriptions which Defendants were likely responsible for each of the alleged constitutional violations," Plaintiff had not established an actionable injury. (Dkt. No. 27 at 7-8). Namely, the R&R correctly observed that, as to Plaintiff's denial of access to the courts claim, the Third Amended Complaint was devoid of allegations from which to infer Plaintiff was hindered in pursuing a nonfrivolous

legal claim. (*Id.*) ("Plaintiff does not, however, identify the specific underlying civil actions or legal claims to which he refers, nor does he describe with any particularity how Defendants' purported actions prejudiced the same."); (Dkt. No. 25 at 2-3) (alleging Plaintiff's legal mail was returned, he was denied "meaningful access" to the law library, his telephone privileges were revoked after a disciplinary proceeding and that these actions "restricted Plaintiff's ability to communicate with counsel" but not specifying the underlying claims being pursued). For these additional reasons, Plaintiff's complaint is subject to dismissal. (Dkt. No. 27 at 8-9).

Plaintiff's objections on this point fail. (Dkt. No. 46 at 6-7) (acknowledging that Plaintiff must allege an underlying claim that is sufficiently identified and nonfrivolous); (*Id.*) (claiming this is satisfied because, in his objections, Plaintiff now contends that the "underlying stand your ground/self-defense controversy was reflected in the trial proceedings themselves"). Plaintiff cannot amend his pleading by way of objections to the R&R. Further, even if he could, the above statement is conclusory and lacks any detail from which to identify a specific, nonfrivolous legal claim. In sum, the Court overrules Plaintiff's objection.

The Court address one final objection of Plaintiff. Plaintiff contends that the R&R erroneously failed to consider his First Amendment "legal communications allegations." Plaintiff cites the Fourth Circuit's decision in *Haze v. Harrison*, 961 F.3d 654 (4th Cir. 2020). Plaintiff contends that the R&R collapsed his denial of access to the courts claim with a separate, distinct First Amendment claim under *Haze* for interference with legal communication. (Dkt. No. 46 at 2).

The Court overrules the objection for various reasons. First, the Third Amended Complaint does not bring the claim Plaintiff contends it does. The factual allegations in the Third Amended Complaint allege that the mail staff returned Plaintiff's outgoing mail, that Plaintiff's law library access was restricted due to "scheduling restrictions," and that Plaintiff's telephone privileges were

revoked after a disciplinary proceeding. (Dkt. No. 25 at 2-3). Plaintiff does not allege, as the *Haze* plaintiff did, that prison staff opened Plaintiff's mail. (*Id.*); *see Haze*, 961 F.3d at 659 ("Opening an incarcerated person's legal mail outside of his presence can chill protected speech."); *Id.* at 660 (rejecting defendants' argument plaintiff was not injured by legal mail being opened because "the infringement of Haze's First Amendment rights *itself* constitutes an injury"). Thus, while Plaintiff's Third Amended Complaint lists as Count II "Interference with Legal Communication," it is clear the gravamen of the complaint is that Plaintiff was denied access to the courts as to the (unidentified) claims discussed above. (Dkt. No. 25 at 4). And, as already noted, the operative pleading contains no particular factual allegations as to any specific defendant and is further wholly conclusory as to how any defendant's action injured plaintiff (including as to the contention that any defendant's personal actions "chilled" Plaintiff's speech). Accordingly, the objection is overruled.

**4. Conclusion**

For the reasons stated above, the Court **ADOPTS** the R&R (Dkt. No. 27) as the order of the Court, dismisses Plaintiff's Third Amended Complaint without leave to amend, denies Plaintiff's motion to reopen (Dkt. No. 37) as moot, and denies Plaintiff's remaining motions for injunctive relief. *See Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022); *see also Workman v. Morrison Healthcare*, 724 F. App'x. 280, 281 (4th Cir. June 4, 2018)

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

September 22, 2026
Charleston, South Carolina